IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 10-525-SLR |
| ) | |
| PHILIP MORGAN, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE ) | |
| ) | |
| Respondents. ) | |

Michael A. Harris. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

August 17, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is Michael A. Harris' ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner was in custody at the Howard R. Young Correctional Institution in Wilmington, Delaware, when he filed the instant application. For the reasons that follow, the court will grant the State's motion to dismiss the application for lack of subject matter jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 1996, petitioner was indicted, inter alia, on charges of first degree murder and possession of a deadly weapon during the commission of a felony. (D.I. 16 at 1) In September 1997, petitioner pled guilty to the weapons charge and to manslaughter as a lesser-included-offense of first degree murder. The Superior Court sentenced him to an aggregate of twelve years of incarceration. Petitioner did not appeal his convictions or sentence to the Delaware Supreme Court. *Id.*

In March 2009, petitioner filed in this court a federal habeas application. The court denied the application as time-barred. *See Harris v. Phelps*, 719 F. Supp. 2d 360 (D. Del. 2010).

On May 20, 2009, petitioner was conditionally released from Level V incarceration. (D.I. 1 at 1) On December 14, 2009, petitioner's probation officer filed a report with the Board of Parole alleging that petitioner had violated the terms of his conditional release by: (a) being arrested and charged with a new offense; (b) missing several scheduled office visits; (c) not reporting a change of address to his probation officer; and (d) submitting urine samples that tested positive for cannabinoids. (D.I. 18)

After a February 9, 2010 hearing before the Board of Parole, petitioner was determined to have violated the terms of his release. As a result of that finding, petitioner's conditional release was revoked and he was placed on Level IV work release until the maximum expiration date of his sentence. *Id.*

In May 2010, petitioner was again alleged to have violated the terms of his release. (D.I. 18) Specifically, he was alleged to have demonstrated threatening, disrespectful, and disorderly behavior toward Department of Correction staff, and he was also alleged to have violated the policies and procedures of the Plummer Community Correction Center. After a September 14, 2010 hearing before the Board of Parole, petitioner was found to have violated the terms of his Level IV probation and was ordered to spend the remainder of his sentence at Level V incarceration. *Id.* The Board's notification statement dated September 16, 2010 informed petitioner that he "may be discharged at [his] maximum expiration date [of] 11/17/10." *Id.*

Petitioner filed the instant application in June 2010. The application alleges the following five grounds for relief: (1) petitioner's rights under the Double Jeopardy Clause were violated because he was imprisoned beyond his maximum release date; (2) his sentence was cruel and unusual; (3) his due process rights were violated when the state courts declined to correct his sentence; and (4) his continued incarceration constituted unlawful imprisonment. (D.I. 2) Soon after filing the application, petitioner filed a letter alleging that he was also improperly detained for several months while awaiting a hearing before the Board of Parole. (D.I. 4) In lieu of an answer, the State filed a motion to dismiss for lack of subject matter jurisdiction because the application is moot and, alternatively, because the application is second or successive. (D.I. 15; D.I.

2

16) The State explained that petitioner was released from incarceration on November 17, 2010. (D.I. 16)

## III. DISCUSSION

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. The issue of mootness is a threshold matter that must be resolved before turning to the merits of a case. *See Chong v. District Director, INS*, 264 F.3d 378, 383 (3d Cir. 2001).

When a habeas petitioner challenges his underlying conviction, and he is released from incarceration related to that conviction during the pendency of his habeas application, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong*, 264 F.3d at 384. "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial

---

[1] *Kissinger*, 309 F.3d at 181.

3

decision." *Spencer*, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong*, 264 F.3d at 383-84.

In this case, petitioner challenges the execution of his sentence rather than the legality of his conviction. However, the record reveals that petitioner's sentence for his 1997 convictions was completely discharged when the Delaware Department of Correction released him from custody on November 17, 2010. (D.I. 18, Del. Super. Ct. Dkt, Crim. Act. Nos. IN96111317 & IN96111318, Dkt. Entry No. 74) Petitioner has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claims raised in his petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Therefore, the court will deny the instant application as moot.[2]

---

[2]Having concluded that the instant application is moot, the court will not address the State's contention that the application should be alternatively dismissed as second or successive.

4

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 application must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The court has concluded that the instant application does not warrant federal habeas relief. Consequently, the court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a constitutional right.

## V. CONCLUSION

For the foregoing reasons, the court will grant the State's motion to dismiss petitioner's § 2254 application. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.